CHARLES H. PEARSON & wife *vs.* CITY OF PORTLAND.

Cumberland. Opinion March 21, 1879.

*Defective highway. Stat.* 1872, *c.* 34, *unconstitutional.*

Stat. of 1872, c. 34, is in conflict with the 14th amendment of the United States Constitution, which declares that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

ON REPORT.

ACTION to recover damage to female plaintiff for injuries from a defective way.

The plaintiffs, at the time of the injury and time of trial, were resident in Cardenas, Cuba, and had been residing there for several years. No residence in this state.

Defendants claim that the action could not be maintained under c. 34, of laws of 1872, unless a similar remedy existed by the laws of Cuba.

The parties agreed to report to the full court the questions upon which party lies the burden of proof as to the laws of Cuba, and also whether said statute is constitutional, and if so, whether it operates to bar the plaintiffs if it should appear that no similar remedy exists in Cuba,—the plaintiffs claiming that they are both natives of Maine, and both citizens of the United States, never having been naturalized in Cuba nor assumed any of the duties or liabilities of citizens of Cuba, but only residing there for temporary business purposes.

The parties thereupon agreed to try the cause to the jury, without any ruling upon the foregoing questions, but saving them for the full court. The trial resulted in a verdict for plaintiffs for one thousand dollars. If the court shall determine said act of 1872 to be unconstitutional, then judgment is to be rendered for the plaintiffs upon the verdict. If otherwise, then the court is to decide upon whom is the burden of proof as to the laws of Cuba, and whether said statute can operate to bar the suit, if the plaintiffs are citizens of the United States, although residents of Cuba. And testimony as to the laws of Cuba, and as to the citizenship of plaintiffs, is to be taken by a judge at *nisi prius,* and the judgment to be entered for plaintiffs on the verdict, or plaintiffs nonsuit, as the facts shall appear upon these two questions, according to the law of the case that shall be announced by the court.

*S. C. Strout & H. W. Gage,* for the plaintiffs.

*H. B. Cleaves,* city solicitor, for the defendants, in an elaborate argument, among other things, contended :

That this law was not in conflict with the constitution of the United States.

The legislature can exercise all power not prohibited. *People* v. *Flagg,* 46 N. Y. 401.

Charters granted cities may directly or by implication exclude the general laws of the state, and peculiar and exceptional regulations may be made applicable to particular portions only and still be valid. *Nathaniel Goddard, petitioner,* 16 Pick. 504. *Commonwealth* v. *Patch,* 97 Mass. 222 ; 44 Mo. 547.

The constitution of the state in conferring the legislative power has established such prohibitions as the people see fit to impose. In ascertaining the powers of the legislature under the constitution, we look not to what the instrument authorizes to be done, but to what is prohibited. *McMillan* v. *Lee,* 6 Clark, (Iowa) 391.

It is only necessary that the law should be uniform, and its effect the same upon all persons standing in the same category. *Waterville* v. *Commissioners,* 59 Maine, 80.  *Smith* v. *Judge,* 17 Cal. 547.

Whether an enactment is reasonable or for the benefit of the

people, it is for the legislature alone to decide. *Moore* v. *Veazie*, 32 Maine, 343. This state law does not come within the class of those privileges and immunities guaranteed by amendment, Art. 14, U. S. Con. *Corfield* v. *Corgell*, 4 Wash. C. C. 380. *Abbott* v. *Bailey*, 6 Pick. 92. *Connor* v. *Elliot*, 18 How. 591. *Ward* v. *Maryland*, 12 Wall. 418. *Lemmon* v. *People*, 26 Barb. 270. 20 N. Y. 562. *Crandall* v. *State*, 10 Conn. 340. *Butler* v. *Farnsworth*, 4 Wash. C. C. 101. *State* v. *Medbury*, 3 R. I. 138. *People* v. *Imly*, 20 Barb. 68. *Ducat* v. *Chicago*, 48 Ill. 172. *Cincinnati Health Association* v. *Rosenthal*, 55 Ill. 85. *Haney* v. *Marshall*, 9 Md. 134.

WALTON, J. In 1872 the legislature of this state enacted the following statute :

" No person shall recover of any city or town in this state, damage for injury to person or property, which damage is claimed to have been done in consequence of any defect, or want of repair, or sufficient railing, in any highway, townway, causeway or bridge, provided the said damage be done to or claimed by any person, who was at the time said damage was done a resident of any country where damage done under similar circumstances is not recoverable by the laws of said country." Act 1872, c. 34.

The only question we find it necessary to consider is whether this act is constitutional. We think it is not. It is in conflict with the 14th amendment of the United States Constitution, which declares, among other things, that no state shall " deny to any person within its jurisdiction the equal protection of the laws." By the general statutes in force in this state at the time of the passage of this act (and still in force), every person sustaining an injury, in person or property, through any defect, or want of repair, in any highway, townway, causeway or bridge, could recover for the same, in an action on the case, of the town, city or county whose duty it was to keep the way in repair. R. S., c. 18, § 65. This is a protective law. It guards the traveler against injuries, by making towns and cities more careful to keep their ways in repair, and shields him from loss in case he is injured through their negligence in not keeping them in repair.

And it is universal in its application. It protects every one alike. The act of 1872 undertakes to destroy this equality of protection. It declares in effect that one class of persons shall not be thus protected ; that if they happen to be residents of a country where no similar protection exists, they must travel in this state at their peril, and without that protection which the law affords to all others. They may be citizens of the United States and of this state, and within its jurisdiction at the time of injury ; still, they are denied redress, denied " the equal protection of the laws," on account of the condition of the law of a foreign country, for which they may be no more responsible than they are for the color of their eyes or the color of their skins. The denial might as well be based on race or color as upon the law of a foreign country; for the parties to be affected by it may be as powerless to change the one as the other. The general statute may undoubtedly be repealed ; but the court is of opinion that while it remains in force for the protection of one class of persons within the jurisdiction of the state, it must remain in force for the protection of all others similarly situated.

The plaintiff was within the jurisdiction of the state at the time of her injury. She has established her right to recover for it, unless the act of 1872 is a bar. For the reasons above stated, the court is of opinion that it is not a bar.

*Judgment on the verdict.*

APPLETON, C. J., BARROWS, VIRGIN and LIBBEY, JJ., concurred.